### WILSON v. DU VIEVIER.

(Supreme Court, Appellate Term. November 24, 1908.)

1. MASTER AND SERVANT (§ 80*)—WAGES—ACTION—ISSUES.

    Where, in an action for services and expenses, defendant answered by a general denial and bill of particulars and at the trial conceded the employment, and amended his plea by alleging that plaintiff had been paid all that he was entitled to receive, this, with plaintiff's testimony that he had been paid for all other weeks than those sued for, raised the issue of payment.

    [Ed. Note.—For other cases, see Master and Servant, Dec. Dig. § 80.*]

2. MASTER AND SERVANT (§ 80*)—ACTION FOR SERVICES—PAYMENT.

    In an action to recover wages at $15 a week from April 1 to June 3, 1907, and for the week ending January 31, 1908, evidence *held* to establish defendant's plea of payment.

    [Ed. Note.—For other cases, see Master and Servant, Dec. Dig. § 80.*]

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by James F. D. Wilson against Charles F. Du Vievier. From a judgment for plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and MacLEAN and SEABURY, JJ.

B. Gerson Oppenheim, for appellant.
S. J. Rosenblum, for respondent.

PER CURIAM. Complaining orally for "work, labor and services," the plaintiff brought this action to recover for wages at $15 weekly, from April 1 to June 3, 1907, and for the week ending January 31, 1908, besides certain expenses. He admitted he had been paid for all

the other weeks. The defendant answered also orally: "General denial. Bill of particulars." At the outset of the trial he conceded the employment, and virtually amended his plea by alleging the plaintiff had been paid all that he had been entitled to receive. This, together with the testimony of the plaintiff, raised the issue of payment. In support of that, the defendant introduced in evidence, with other receipts, a statement of account, "Salary in full to Dec. 28/07, $15," which was signed as "received in settlement in full of account" by the plaintiff. This evidence the plaintiff, called in rebuttal, did not contradict, nor did he allude to the testimony of the defendant's bookkeeper that he had said "Yes," to her statement on making out his voucher towards the end of January, "There is just one week's salary due." The judgment should be reversed.

Judgment reversed and a new trial ordered, with costs to the appellant to abide the event.